Good morning, ladies and gentlemen. Our first case of the morning is case 118966, People of the State of Illinois v. Cameron Fort. Are you ready to proceed? Apple, are you ready? Good morning, Your Honors. Good morning. My name is Heidi Lynn Lambros from the Office of the State Appellate Defender, representing defendant appellant Cameron Fort. The purpose and policy behind the Juvenile Court Act is that the Juvenile Court shall have exclusive jurisdiction over minors under the age of 18 unless certain conditions of the automatic transfer statute remove them automatically to adult court. To this end, Section 5120, the exclusive jurisdiction statute, and the automatic transfer statute, Section 5130, inform that when minors are charged with certain serious felonies, they can be automatically placed in adult court as long as those charges are pending against the minor. Section 5130 also tells us that at any time that those charges are discharged against the minor by operation of indictment or by operation of acquittal, then the minor should be presumptively removed back to juvenile court for either trial or for sentencing. In Mr. Fort's case, he was 16 years old and charged with first-degree murder, and he was indicted and he was placed in the adult court system for prosecution. But following his trial, he was acquitted of the automatic transfer charge of first-degree murder and convicted only of second-degree murder, a non-automatic transfer offense. Instead of the state moving for a hearing as required under Section 5130, Cameron was automatically sentenced to 18 years in adult prison, a sentence that he is currently still serving. Mr. Fort, since the state failed to move within 10 days as required by statute, to train him as an adult for sentencing, his legal sentence should be vacated and this court should discharge that proceeding against him. The act provides a road map for how to treat juveniles charged with certain offenses. The act provides that when a minor is charged with a crime that's an automatic transfer offense, that minor can be prosecuted in adult criminal court. If that minor is not charged with an automatic transfer offense, then the prosecution must continue in juvenile court. So, for example, we have a minor who's charged at 16 with unlawful use of a weapon, clearly not an automatic transfer offense. If those were the charges brought against the minor, he would be treated in juvenile court for prosecution and he would receive a juvenile court sentence unless the state moved under other conditions of the act to sentence him in adult court. Now, let's just say that same minor, after the complaint, an indictment's issued charging that minor with aggravated battery with a firearm for possessing that gun and firing that gun at another victim. Therefore, the minor has an automatic transfer charge anchoring him to adult court in addition to his unlawful use of a weapon charges, his juvenile charges that must be prosecuted, much like compulsory joinder in the same proceeding. So that minor goes to trial in adult court, but after his trial, he's acquitted of the anchor charge, the triggering charge, the automatic transfer charge, and convicted only of the UUW, the juvenile charge. The act tells us under C1 and 2 that that minor is entitled to presumptive juvenile sentencing treatment unless the state moves within 10 days and their motion is granted to treat them as an adult for sentencing. This places everybody back in the position of an adult. Had the state charged, only the non-automatic transfer offenses. Here, as I stated before, Cameron was charged with first-degree murder, but he was acquitted of that crime. He was convicted only of second-degree murder. Had the state brought the second-degree murder charges only, he would have been presumptively tried in juvenile court and given a presumptive juvenile sentence. This interpretation tracks with 30 years of this court's prior history, from people via Jesus to people who were convicted of first-degree murder. To people via PH, to recently in dicta, of course, in 2013, in NRA BCP, which says that when a minor is acquitted of the charge that brought him into adult court, he shall be sentenced as a juvenile under the Juvenile Court Act. This is also consistent with, as I said, additional authority, people via Lucius, which tells the same thing in 2016. The state is required, following a trial and an acquittal, to move to sentence the minor under the Juvenile Court Act within 10 days. This is also actually consistent with this court's decision in 2011 in People v. King, which did not deal with the circumstances of a trial and acquittal, but dealt with negotiated guilty plea situations. In King, this court was tasked with trying to put the minor and the state back in the position that they would have been in, given their negotiated guilty plea circumstance. This court in King discussed the differences between specified and covered by, but found that it didn't need to really parse that out any further, because the adult automatic transfer charges were never discharged against the minor until after his sentence was entered. Therefore, that anchor always existed in King, always existed to tether the minor to adult court, unlike in Cameron's case, where no such automatic transfer anchor now exists by operation of his acquittal. Yes, this court was very concerned that not only should the state get the benefit of their bargain, but that the minor get the benefit of having those charges subsequently dismissed against them. So King dealt with a situation, which occurs more than a trial situation, of what do we do, how do we put the parties back to their negotiated guilty plea status. And obviously, those parties in King intended for that juvenile to receive an adult sentence. And they did it the right way. And this court in King basically sanctioned that. And the state did the same thing in People v. King, which did not deal with the circumstances of a trial and an acquittal. This court in King discussed the differences between specified and covered by, but found that it didn't need to really parse that out any further, because the adult automatic transfer charges were never discharged against the minor. And the state did not deal with the circumstances of a trial and an acquittal. And the state did not deal with the circumstances of a trial and an acquittal. And the state did not deal with the and said, state, if you want adult court sentencing for a minor under a negotiated guilty plea, you should wait until after the sentence is entered to discharge those automatic transfer charges. As this court said, it's the charges pending against the minor, the offenses pending, that determine whether or not they should be in juvenile court or they should be in adult court. It's your contention that the holdings in Jardin, Mathis, Champ, and Brazee, if I'm pronouncing those right, didn't indicate that, King didn't indicate that it was overruling those cases, right? No, it did not. But what do we do with the fact that King specifically noted that those cases wrongly assumed there was no distinction between the terms specified in in subsection B and covered by in subsection C? Well, what King was talking about is the presumption in those that those weren't not two different terms that mean two different things. And they quite clearly are. Specified by refers to the transfer charges specifically that must be charged against the minor to bring that charge and all the other charges along with it. Covered by, as this court said, is the automatic transfer charge that's pending and any other offenses that are attached to that that arise out of the same incident. Notably, Mathis was a guilty plea situation, much like King, and also was Brazee one and two a guilty plea situation. But in those cases, the guilty plea, the charges were now crossed before the sentence was entered. So that's, I believe, the reason why this court didn't overturn those cases specifically, because the procedural posture and how it all went about in those guilty plea cases were different than what happened in King. Once we have the anchor charge always there, that's what tethers the minor to adult court. And we know this is what the legislator intended, because we have their words that they didn't want the state to overcharge minors, to bring them into adult court unnecessarily. We wanted to give minors the benefit of juvenile court treatment when the state can't prove those automatic transfer charges. The 2016 amendments show the legislature is removing, once again, even more minors from the state's absolute discretion in charging a minor in adult prosecution. Now, 15-year-olds can't be automatically adult prosecuted, and only three crimes remain. So we know from the legislative history and from their own words that specified by and covered by mean that when a minor is found guilty of a lesser charge, they should be treated as a juvenile under the Juvenile Court Act. And the state has no objection to that. They have no objection to the legislative history. They have no objection to 30 years of unwavering case law. Their sole contention is that this court implicitly overturned all of that and went against what the legislative presumption is, in this case, resolving a found guilty plea, which is not, again, what happened to Mr. Ford. He was acquitted of the automatic transfer charge. It was not pending against him. It wasn't tethered to him. It wasn't anchored to him. So the state was required to move within 10 days to treat him as an adult for sentencing, and it did not do so. By operation of that, his adult sentence is now illegal, as he's over 21, and the juvenile court has no jurisdiction over him. Again, the only argument that the state has is that this court in King, without stating so, overturned all of this law and all of this history. And I think it's an indication that in King, that they didn't mention any of this in the legislative history. That they didn't mention this, POVD-Jesus, which was about a trial, and POVPH, because it didn't need to, because we know what happens when a minor goes to trial and is acquitted of the automatic adult transfer charge. We know what would happen there. The appellate court in 2016 noted the same in POV Lucious, which we cited, where the state did move to treat the minor as an adult for sentencing as required under the app. So the only argument that the state has is that King intended to upend all of the jurisprudence, take the legislative intent out of the statute, and to put minors convicted of lesser, less culpable charges into adult court for sentencing. And we know that that can't be true, and nor would this court have done that implicitly or by innuendo. This court in King dealt with the minors' negotiated guilty plea and how to effectuate the intent of the parties to maintain the guilty plea status. If there's no other questions about the proper interpretation of King, which is quite clearly to make sure that minors who are convicted of lesser charges, non-automatic transfer charges, receive juvenile court treatment, as I stated before, there is no reason why this court cannot and should not vacate Cameron's illegal sentence. He is over 21 years of old. He's a already done two-thirds of the amount of time in an adult correctional facility from his 18-year sentence. And unlike the state's argument, there is no do-over in the statute. This court in NYMI spelled out what it means to be a mandatory statute. The statute has a requirement and it has a remedy. And the state did not follow the requirement. Therefore, the remedy is for Cameron to have his juvenile sentence vacated and to have his adult sentence expunged. If there's no other questions, I will reserve some time for rebuttals on your honors. Thank you. Good morning, Chief Justice, your Honors, Counsel, may it please the Senate of the court. I am Cook County Assistant State's Attorney Veronica Calderon-Malavia, representing the people of the State of Illinois. Under the plain language of Section C1, a transferred juvenile can be sentenced as an adult without a hearing if after trial, the defendant is found guilty of the crime of manslaughter. If there is no trial or plea, the minor is convicted of any offense covered by Paragraph A. That means either a specified offense or an offense arising out of the same incident. And that's exactly what King held. King came to this conclusion by correctly applying the plain language of the statute. That plain language hasn't changed since King was decided in 2011. The legislature hasn't amended the statute to change the statute. The statute is still in effect. King's decision, how the statute was interpreted, and therefore has acquiesced to King's interpretation. Like in King here, defendant's second-degree murder conviction was covered by Paragraph A because by definition, it is an offense arising out of the specified offense of first-degree murder. Therefore, under Sections C1 and King, no transfer-back hearing was required below. Could you give us an example of a back situation, a charging situation, that would in fact trigger the relation back, I lost the word, the transfer-back? Your interpretation is very, very broad. Would there ever be a situation where there would be a transfer-back? Well, one instance this Court identified in King. In King, the Court indicated if a juvenile somehow, the indictment no longer had a specified offense, and the juvenile executes a waiver to juvenile jurisdiction, after conviction, then there would have to be a hearing. Another situation may be if the defendant is found not guilty of the specified and the rising out. And maybe there's an offense that was added due to discretionary joinder. In that situation, there would need to be a hearing. Explain what you mean. So, for example, the example we heard here perhaps would be an aggravated battery plus a possession of a weapon that was used in the aggravated battery. That would seem to be that those are both arising out of the same incident. How could a case go to trial where there would be different incidents and different charges? Could you explain that? I'll maybe refer to De Jesus, which may be one of those situations. In De Jesus, the juvenile there was charged with first-degree murder and armed robbery, not based on a knife, not the automatic transfer based on a gun. There he was found not guilty of a first-degree murder, meaning that it wasn't intentional, it wasn't knowing, and if there were felony murder charges, then in that situation, obviously he was found not guilty. Either the armed robbery was not a predicate or the jury found that there was no causal connection between the armed robbery and the murder. So that's a situation where a hearing would be required. So unlike, you know, contrary to the defense counsel's position, De Jesus is inconsistent with the meaning, with the interpretation that King gave the statute. So that's one situation. The defendant here attempts to read a term specified offense and charges arising out of the same offense in the conjunctive, meaning that you have to have both so you don't need a transfer hearing. However, the defendant ignores the plain language of C.I. because C.I. clearly states that an adult sentence is appropriate if the defendant is convicted of any offense covered by paragraph A, meaning, again, either a specified offense or an offense arising out of the same incident. And a single offense can't be both a specified offense and an offense arising out of the same incident at the same time. In fact, C.I. talks about a single offense stating that adult sentence is available for, quote, that offense. Moreover, if the defendant is correct, then a juvenile convicted of a specified offense but not convicted of an offense arising out of the same incident can't be sentenced as an adult on the specified offense and vice versa because according to the defendant, you need a conviction on both. Counsel, the defendant argues that he should be exempted from the holding of King because his sentence was imposed two years before King and in the defendant's view, this was a change or a reinterpretation of the law. I didn't see a response to that argument. I think King was issued by then at the time of sentencing. And all that King did, it didn't change the law, it just interpreted the plain language of the statute. So King applies. And furthermore, if you accept the defendant's argument that you need a conviction on the specified offense, that means that this court decided King wrongly. In that case, there was no finding of guilt with respect to the specified charge for a second murder. And there was only an imposition of, there was only a finding of guilt as to the attempt murder. And this court held that a hearing was not necessary. So therefore, defendant's conjunctive theory is just not supported by King. Defendant is also wrong when he states that the specified offense should at least be pending at the time of sentencing. To support this position, he relies on the fact that in King, the first degree murder charge was pending at the time of the plea as well as the sentence. But what is pending is only significant as to subsection B, because that section deals with where the prosecution takes place. And plainly, both subsections of B require that the specified offense be pending in order for the case to proceed to criminal court. In contrast, C1 just deals, is a sentencing provision that is only triggered after there has been a resolution on the issue of guilt, after trial or plea. All the terminology in section C deals with what happened after trial or plea. The need for a hearing under section C is entirely dependent on what offense the juvenile was convicted on. Now, what offense is pending? And this is not just our interpretation. This is the interpretation adopted by the appellate court and Tony. Tony was decided while the case was still pending below and the judge had not considered the motion to renew the sentence yet, and Tony came down and confirmed to the parties below that a sentencing hearing, a transfer back hearing wasn't necessary. And even Shepard's citation indicates that all the pre-King cases were abrogated. While we realize that Shepard's is not legal authority, it certainly is relied on by litigants as well as the courts. In his briefs, defendant uses BCP to counter, to support his position. But BCP dealt with the state's ability to take an interlocutory appeal in a juvenile case. It did not in any way interpret the transfer statute. BCP didn't even mention King. BCP's discussion of the transfer statute of Peoples v. De Jesus is not a substantial approval of this pre-King interpretation. And as I stated, BCP does not conflict with King or De Jesus doesn't conflict with King either way. And also, BCP didn't deal with the terms, the significance of the terms specified in and covered by. So defendant's reliance on this court's decision in BCP is misplaced. Furthermore, defendant's argument that the state will abuse the statute by charging a specified offense that it can't prove was addressed and rejected by the legislature. Defense counsel neglects to tell the court that during the debates, one of the sponsors of the bill, Senator Cronin, stated, we address this issue in the committee. And as you know, the state's attorneys are charged with a duty and responsibility to do what's fair and what's just and right. And they have the discretion of the matter. Another senator added that there are safeguards in place and that either a grand jury or a preliminary hearing judge has to find probable cause for the case to proceed in adult court. And, Your Honors, as anticipated by the legislature, in the long history of automatic transfer statute, there is not one case where the state's attorney has been accused of overcharging. And significantly, in the context of second degree murder, overcharging can never happen because the state has to prove everything that it says in the statute. Every single element of first degree murder. You know, you argued that King, but wasn't the defendant found guilty of an uncharged lesser offense that was arising out of the same incident and here it's different? Isn't that right? Well, in King, he was found of an offense that was charged in the temp murder. It was later charged. It was later charged. Not at the time. Charged at the time of the plea he was charged. So that was in the first degree murder was pending. And the significance of that is just that the fact that because the specified offense was pending, the plea could take place in adult court. And because it could take place in adult court and arose out of the same incident as the unproven but charged first degree murder, then an adult sentence can be imposed without a hearing. And so if you compare King with this case side by side, here we have a situation where the trial court made a finding as to the specified offense. And there was an imposition of conviction on the offense arising out of that first degree murder charge, which the defendant does not challenge. And then in King, we had an unproven specified offense, first degree murder charge that was never proven. There was never a finding. And this court found that an adult sentence was proper in that case and certainly should be proper in this case under these circumstances. And even if you accept defense counsel's argument that interpretation that there has to be both a finding as to the specified as well as to the offense arising out of the same incident, the defendant dismisses the fact that a second degree murder conviction cannot survive without a finding of guilt of the first degree murder charge. In this case, as I stated, the court actually made a finding. The defendant was guilty of every element of first degree murder with mitigating circumstances. So even under defense counsel's theory, the adult sentence here for second degree murder convictions should stand. Indulterative though, if this court disagrees and finds a reversible error, the people ask that under the unique circumstances of this case, that the matter be remanded for transfer of that hearing. Based on King, it was reasonable for the state, defense counsel, and the trial court to conclude that a conviction for second degree murder was covered by paragraph A and no hearing was needed. Nothing in the record indicates that either the parties or the trial court intentionally or knowingly disregarded the mandated procedures in section C. To the contrary, everyone had a good faith basis to conclude that a transfer back hearing was not required. So we ask that under these circumstances, if the court finds reversible error, that the matter be remanded to give the state the opportunity to file a petition and for the trial court to hold a transfer back hearing. Unless there are any other questions based on the reasons I've given here and those contained in our briefs, that the case, that defendant's sentence for second degree murder be affirmed or an alternative that the case be remanded for a transfer back hearing. Thank you, counsel. Just briefly, the state is unnecessarily complicating this issue. The issue is that if there's an automatic transfer offense pending at trial or at sentencing, then the minor can be prosecuted in adult court or sentenced in adult court. As long as that anchor is there, then they are rightfully in adult court for trial and rightfully in adult court for sentencing. What's notable here, and King is consistent with that, this court said because the charges were pending against the minor when the guilty plea was accepted, it needed to remain in adult court for sentencing and no hearing was required. What I think is interesting is in the oral arguments in the King case, the attorney general conceded this point and noted that had this been a trial where the minor was acquitted of the greater charge, then the minor should be sentenced under the Juvenile Court Act. Where we have this problem is with Toney. And Toney is a 2-1 decision that's actually dicta. In Toney, the minor was convicted of second-degree murder and acquitted of first-degree murder. But what happened there is the state moved for a hearing under the act and asked for the minor to be treated as an adult. The Toney court was just mentioning that it doesn't seem necessary from this court's language in King. That is the only court that's interpreted this way. We have a published decision from a few weeks ago where an appellate court has interpreted following the trial and following conviction and an acquittal that the minor should get the benefit of what he would have been had the state charged only with a proof. I noted again the BCP is dicta, but it's dicta where this court points out long-established law. And this court should continue to uphold long-established law that when a minor is acquitted of an adult transfer offense and convicted only of the lesser non-transfer offense, the legislature intended them to be treated like a juvenile. That's consistent with all of the legislative history, what we know behind the act, to give the state less discretion, mandatory discretion, to put a minor in adult court. And once again, this doesn't bar them from seeking adult court sentencing. It just requires them to ask for a hearing within ten days, to mention that they want to treat the minor as a juvenile. This is not so onerous. They did not do that in Cameron Ford's case, as they were required to do by statute. They should not get a do-over now, eight years later. Let me ask a question. The defendant did not object in the moment as to the sentencing hearing in an adult court. And so we have to view this as an issue that has been forfeited. Can you place your argument in the context of why we should relax forfeiture? Well, I would say for two reasons. One is that counsel is certainly ineffective for not objecting to his minor client being automatically sentenced as an adult. The state did not move within ten days, and they went right to a sentencing hearing. Thirty days later, the minor was automatically sentenced as an adult. The statute requires presumptive juvenile sentencing. Clearly, counsel is ineffective for placing his minor client outside the Juvenile Court Act and placing him in the adult correctional system. Also, this is plain error. This is an error that was clear. I believe King reads very clear. It couldn't be more clear. There were no charges pending against the minor. There's no do-over and provision in plain error that because the state got it wrong, that the minor defendant now doesn't have a right to assert that they are serving a current illegal sentence. In terms of plain error, is this a first prong or a second prong kind of error? I believe it's both prongs. I mean, I believe that this is a substantial right. He was treated like an adult, or he's required by the Juvenile Court Act to be treated like a minor and to be given all the benefits of the Juvenile Court Act. That certainly was not given to him. Certainly, the record shows a clear error that no one followed what they were supposed to do. No one objected. The court didn't bother to even consider sentencing Cameron as a minor, and the state just kind of barreled through, and everyone seemed to presume that he should get adult court sentencing treatment. And right now, certainly there's prejudice. He's sitting in an adult prison where he's been since he was 17 years old. So he's certainly prejudiced by his counsel's failure to act, the state's failure to make this mandatory request, as well as the trial court's failure to follow the statute clearly as written. Again, this was not an owner's burden on him. We did also point out that this court has noted that jurisdiction of a minor extinguishes at the age of 21 through the Juvenile Court Act and through this court's prior decisions, meaning that it is, in a sense, the court's lost jurisdiction so far. There was no jurisdiction to keep Cameron in prison past his 21st birthday, and he is clearly over 21. So both under plenary and for counsel's ineffectiveness and for jurisdictional reasons, Cameron's adult sentence should be vacated. Thank you. Are there further questions? Thank you. Case number 118966, people of the State of Illinois v. Cameron Fort, will be taken under advisement as agenda number 12. Ms. Lambrose and Ms. Malavia, thank you for your arguments this morning. You're excused at this time.